IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NEGOTIATED DATA SOLUTIONS LLC,

    Plaintiff and Counterclaim Defendant,

v.

DELL, INC.,

    Defendant and Counterclaimant.

No. C 03-05755 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JANUARY 4, 2008 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS** Plaintiff and Counterclaim Defendant Negotiated Data Solutions LLC's motion to dismiss and to strike Dell, Inc.'s answer and counterclaims.

The parties shall each have 15 minutes to address the following questions:

1. Is there any dispute that N-Data offered and Dell rejected a license under the same terms described in the June 7, 1994 letter of assurance before the IEEE? (*See* Reply at 5, 7; First Am. Compl., Ex. C; Answer ¶ 8.) Is that issue properly before the Court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)? (*See Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (while as a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion," the Court may consider documents attached to the complaint, documents relied upon but not attached to the complaint when the authenticity of those documents is not questioned, and other matters of which the Court can take judicial notice.")

2. Is the interpretation and legal import of the 1994 letter a matter that the Court may address at this stage (i.e., determine whether the letter constitutes a license or an offer to license or something else entirely)? Must the Court address whether the alleged revocation is legally valid? Is there any authority on the interpretation and legal import of similar types of assurance letters?

3. What privileges does Dell maintain protect disclosure of Dell's submission to the Federal Trade Commission? Does reference to such document by Dell in communications about the pending motion waive such protections? Should the Court order production of the document for inspection *in camera*, how can Plaintiff defend against the charges in the counterclaim which allegedly find support in this document? Can the parties stipulate to a specific protective order regarding this limited document production?

4. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: January 3, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2