1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   Ned N. Isokawa (State Bar No. 66287)
2  nedisokawa@paulhastings.com
   Kevin C. McCann (State Bar No. 120874)
3  kevinmccann@paulhastings.com
   55 Second Street, Twenty-Fourth Floor
4  San Francisco, CA 94105-3441
   Telephone:  (415) 856-7000
5  Facsimile:  (415) 856-7100

6  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   Michael N. Edelman (State Bar No. 180948)
7  michaeledelman@paulhastings.com
   Robert C. Matz (State Bar No. 217822)
8  robertmatz@paulhastings.com
   1117 S. California Avenue
9  Palo Alto, CA 94304
   Telephone:  (650) 320-1800
10 Facsimile:  (650) 320-1900

11 Attorneys for Defendant and Counterclaimant
   Dell Inc.

12

13             UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15               SAN FRANCISCO DIVISION

16

17 NEGOTIATED DATA SOLUTIONS LLC,          CASE NO. C 03-5755 JSW

18             Plaintiff,                  **AMENDED STIPULATED
                                           PROTECTIVE ORDER**
19     vs.

20 DELL INC.,

21             Defendant.

22 ─────────────────────────────
   DELL INC.,
23
               Counterclaimant,
24
       vs.
25
   NEGOTIATED DATA SOLUTIONS LLC,
26
               Counterclaim Defendant.
27

28

1    Plaintiff and Counterclaim Defendant NEGOTIATED DATA SOLUTIONS, LLC

2  ("NDS") and Defendant and Counterclaimant DELL INC.  ("Dell") (collectively "the parties") by

3  and through their respective counsel, hereby stipulate to the following Amended Stipulated

4  Protective Order ("Stipulated Protective Order") for the protection of confidential information,

5  documents and other things produced, served or otherwise provided in this action by the parties or

6  third parties:

7    1.    Designated Material.

8    Information, material and/or discovery responses may be designated pursuant to this

9  Stipulated Protective Order by the person or entity producing or lodging it or by any party to this

10  action (the "Designating Party") if:  (a) produced or served, formally or informally, pursuant to

11  the Federal Rules of Civil Procedure, Local Rules of this Court or in response to any other formal

12  or informal discovery request or order in this action; and/or (b) filed or lodged with the Court.

13  All such information, material and/or discovery responses and all information or material derived

14  therefrom shall be considered "Designated Material" under this Stipulated Protective Order.

15  Unless and until otherwise ordered by the Court or agreed to in writing by the parties, Designated

16  Material shall be used only in the trial and preparation for trial of this action and shall not be used

17  or disclosed by the receiving party except as expressly provided under the terms of this Stipulated

18  Protective Order.

19    2.    Access.

20    2.1    Materials Designated "CONFIDENTIAL."  Subject to the limitations set

21  forth in this Stipulated Protective Order, Designated Material may be marked

22  "CONFIDENTIAL" for the purposes of (i) avoiding invasions of individual privacy and (ii)

23  protecting non-public proprietary information and confidential business, technical and/or

24  financial information relating to the Designating Party's business, technical, personal, or financial

25  affairs.  Subject to Section 3 below, materials designated "CONFIDENTIAL" may be disclosed

26  to:

27    (a)    Persons who appear on the face of Designated Materials marked

28  "CONFIDENTIAL" as an author, addressee or recipient thereof;

1    (b)    Counsel for the parties, as well as the partners, associates, and

2    employees of such counsel to the extent reasonably necessary to render professional services in

3    this action;

4    (c)    Those officers, directors and employees of any party to this action

5    that the respective counsel of record deems necessary for the preparation of this case; and

6    (d)    Non-party consultants (including without limitation technical

7    consultants, damages experts, translators and interpreters) retained by outside counsel of record

8    and to non-party retained experts (collectively, "Consultants"),

9    2.2    Materials Designated "HIGHLY CONFIDENTIAL."  Subject to the

10   limitations set forth in this Stipulated Protective Order, Designated Material may be marked

11   "HIGHLY CONFIDENTIAL" for the purposes of (i) avoiding invasions of individual privacy

12   and (ii) protecting non-public information relating to the Designating Party's business, technical,

13   personal, or financial affairs that derives actual or potential independent value from not being

14   generally known to the public or to persons who can obtain value from its disclosure.  Subject to

15   Section 3 below, materials designated "HIGHLY CONFIDENTIAL" may be disclosed to:

16   (a)    Persons who appear on the face of the Designated Material marked

17   HIGHLY CONFIDENTIAL as an author, addressee or recipient thereof;

18   (b)    Counsel for the parties, as well as the partners, associates, and

19   employees of such counsel to the extent reasonably necessary to render professional services in

20   this action; and

21   (c)    Consultants.

22   2.3    Within fifteen (15) days after the termination of this action, including all

23   appeals, all recipients of Designated Material pursuant to Section 2 shall return all Designated

24   Material (and all copies thereof) to outside counsel of record for disposal by outside counsel in

25   the manner described in Section 13.2 of this Stipulated Protective Order.  Any document

26   containing attorney-client privileged information or information protected by the attorney work

27   product doctrine may be destroyed and such destruction certified to in writing by such recipient to

28   outside counsel of record within such fifteen (15) day period.

3.    <u>Certificates Concerning Designated Materials</u>.

3.1    Each person to whom any Designated Material may be disclosed pursuant to the provisions of Sections 2.1(c) and (d) and 2.2(c) above, shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Stipulated Protective Order and shall certify under penalty of perjury that he or she has carefully read the Stipulated Protective Order and fully understands its terms.  This certificate shall be in the form attached as Exhibit A.  Counsel who makes any disclosure of Designated Materials pursuant to Sections 2.1(c) and (d) and 2.2(c) above shall retain each original executed certificate and, upon written request, shall circulate copies to all counsel of record.

3.2    In addition, each Consultant to whom Designated Materials will be disclosed shall, prior to disclosure of Designated Materials, execute the Certification of Consultant in the form attached hereto as Exhibit B.  Upon receipt of this Certification of Consultant by counsel for party retaining the Consultant, a copy of such Certification, together with a resume or curriculum vitae of such Consultant showing employment or engagements for at least the preceding five (5) years, shall be transmitted by facsimile and by regular mail to counsel for the Designating Party.  If, within ten (10) days after receipt of such Certification and resume or curriculum vitae, the Designating Party objects in writing to disclosure of Designated Materials to such Consultant, no such disclosure shall be made except upon further order of this Court.  No disclosure shall be made during this ten (10) day period.

4.    <u>Use of Designated Materials by Designating Party</u>.

Nothing in this Stipulated Protective Order shall limit any Designating Party's use of its own documents and information nor shall it prevent the Designating Party from disclosing its own confidential information or documents to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Stipulated Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

1    5.    Designating Materials.

2    5.1    Documents, materials and discovery responses, in whole or in part, may be

3    designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as follows.

4    5.2    The producing or responding party shall designate materials by placing the

5    legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the materials prior

6    to production.

7    5.3    When a party wishes to designate as "CONFIDENTIAL" or "HIGHLY

8    CONFIDENTIAL" materials produced by another party or a third party to this litigation because

9    such materials contain confidential or highly confidential information of the Designating Party,

10    such designation shall be made:

11    (a)    Within fourteen days (14) from the date that the Designating Party

12    receives copies of the materials from the producing or disclosing entity; and

13    (b)    By notice to the other party to this action and to the Producing

14    Party, if such party is not a party to this action, identifying the materials to be designated with

15    particularity (either by production numbers or by providing other adequate identification of the

16    specific material).  Such notice shall be sent by facsimile and regular mail.

17    5.4    Upon notice of designation pursuant to Sections 5.2 or 5.3 above, all

18    persons receiving notice of the requested designation of materials shall:

19    (a)    Make no further disclosure of such Designated Material or

20    information contained therein, except as allowed in this Amended Stipulated Protective Order;

21    (b)    Take reasonable steps to notify any persons known to have

22    possession of or access to such Designated Materials of the effect of such designation under this

23    Stipulated Protective Order; and

24    (c)    Take reasonable steps to reclaim or prevent access to such

25    Designated Material or information in the possession or control of any person not permitted to

26    have access under the terms of this Stipulated Protective Order.

27

28

AMENDED STIPULATED PROTECTIVE ORDER    -5-    CASE NO.  C 03-5755 JSW

1    6.    Designating Depositions.

2        6.1    Deposition transcripts or portions thereof may be designated as

3    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by a party or third party during deposition

4    testimony taken in this action, in which case the portion of the transcript containing Designated

5    Material shall be identified in the transcript by the Court Reporter as "CONFIDENTIAL" or

6    "HIGHLY CONFIDENTIAL." The designated testimony shall be bound in a separate volume

7    and marked by the reporter accordingly.

8        6.2    Where testimony is designated at a deposition, the Designating Party shall

9    have the right to exclude at those portions of the deposition all persons not authorized by the

10    terms of this Stipulated Protective Order to receive such Designated Material.

11        6.3    Any party or third party may, within fourteen (14) days after receiving a

12    deposition transcript, designate pages of the transcript and/or its exhibits as Designated Material.

13    If any party or third party so designates such material, the parties or deponents shall provide

14    written notice of such designation to both parties within the fourteen (14) day period.  Until the

15    expiration of the fourteen (14) day period, any portion of the deposition not previously designated

16    shall be treated as "HIGHLY CONFIDENTIAL" and subject to protection as provided by this

17    Stipulated Protective Order.  After the expiration of the fourteen (14) day period, if no party or

18    deponent has timely designated any additional material, then such undesignated transcript and/or

19    exhibits may be disclosed without restriction.

20    7.    Copies.

21        All complete or partial copies, summaries or extracts of Designated Materials shall

22    also be deemed subject to the terms of this Stipulated Protective Order.

23    8.    Court Procedures.

24        8.1    Disclosure of Designated Material to Court Officials.  Subject to the

25    provisions of this Section 8, Designated Material may be disclosed to the Court, Court officials or

26    employees involved in this action (including court reporters, persons operating video recording

27    equipment at depositions, and any special master or referee appointed by the Court) and the jury

28    in this action.

8.2     Filing Designated Materials with the Court.  In applications and motions to the Court, all Designated Material filed with the Court shall be in a sealed envelope or container on which shall be affixed the title of this action, an indication of the nature of their contents, the word "CONFIDENTIAL-FILED UNDER SEAL" and a statement substantially as follows:

**THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A STIPULATED PROTECTIVE ORDER ENTERED IN THIS ACTION.  IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.**

The submission shall indicate clearly which portions are Designated Materials.  For the convenience of the parties and the Court, a party that files a paper that is a pleading, brief, declaration or exhibit and that contains, in excerpts, quotes or paraphrases Designated Material and undesignated material may file the entire paper under seal.  The Clerk of the Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation that have been designated, in whole or in part, as Designated Material.

8.3     Retrieval of Designated Materials.  The party responsible for lodging or filing the Designated Materials shall be responsible for retrieving such Designated Materials from the Court following the final termination of the action (including any appeals thereof).

8.4     Failure To File Under Seal.  If any party fails to file Designated Materials under seal, the Designating Party or any party to this action may request that the Court place the Designated Materials under seal within twenty (20) days of the filing of said Designated Materials.  The Clerk of the Court is directed to comply with such request if made.

9.     Requirements for Filing Designated Materials Under Seal.

9.1     Narrowly Tailored Court Order Required.  No Designated Material shall be filed under seal except pursuant to a Court order that authorizes the sealing of the particular Designated Material or portion thereof and is narrowly tailored to seal only that material for which good cause to seal has been established.  Any order sealing any Designated Materials shall direct the sealing of only those Designated Materials, pages or, if practicable, those portions of Designated Materials or pages, which contain the information requiring confidentiality.  All other

1   portions of such Designated Materials shall be included in the public file.  For example, pursuant

2   to Civ. L.R.  79-5, the parties will file an unredacted copy of a document containing Designated

3   Material under seal and simultaneously file a copy of the same document, with only the

4   authorized Designated Material redacted, in the public file.

5           9.2     Request and Proposed Order Setting Forth Good Cause To File Under Seal.

6   A party wishing to file Designated Materials under seal must file a written request for a sealing

7   order setting forth the good cause to seal and accompanied by a proposed order that is narrowly

8   tailored as specified above.

9           10.     Objections.

10          10.1     A party may challenge the propriety of any designation under this

11   Stipulated Protective Order at any time.  A challenge may be made by serving on all other parties,

12   and to the extent that any such challenge is directed to Designated Materials designated by a third

13   party, also serving on such third party, a captioned notice of objection, which shall identify with

14   particularity the Designated Materials as to which the designation is challenged, state the basis for

15   each challenge and propose a specific re-designation for each item of Designated Materials for

16   which a challenge is made ("Notice of Objection").  Service of a Notice of Objection shall be

17   made by facsimile and by mail.

18          10.2     On, but not before, the thirtieth day after service of a Notice of Objection,

19   the challenged material shall be deemed redesignated unless the Designating Party has previously

20   filed and served by fax or hand delivery a motion for a protective order to maintain the original

21   designation or designating the material otherwise.  In the event of such a motion, the material at

22   issue may be submitted to the Court for in camera inspection.  It shall be the burden of the

23   Designating Party under such circumstances to establish that the information so designated is

24   "CONFIDENTIAL" (i.e., designated for the purpose of avoiding invasions of individual privacy

25   and of protecting non-public proprietary information, confidential business, technical and/or

26   financial information relating to the Designating Party's business, technical, personal, or financial

27   affairs) or "HIGHLY CONFIDENTIAL" (i.e., designated for the purposes of (i) avoiding

28   invasions of individual privacy and (ii) protecting non-public information relating to the

1    Designating Party's business, technical, personal, or financial affairs that derives actual or

2    potential independent value from not being generally known to the public or to persons who can

3    obtain value from its disclosure) within the meaning of this Stipulated Protective Order.  Upon

4    the timely filing of such a motion, the original designations shall remain effective until ten (10)

5    days after service of notice of entry of an order redesignating the materials and during the

6    pendency of any request for appellate review filed within the ten (10) day period.

7           10.3    The parties and any third party that has produced Designated Materials to

8    which objection is being made, shall meet and confer in good faith prior to the filing of any

9    motion under this Section 10.

10          11.    <u>Client Communication</u>.

11           Nothing in this Stipulated Protective Order shall prevent or otherwise restrict

12    counsel from rendering advice to their clients and, in the course of rendering such advice, relying

13    upon the examination of Designated Material.  In rendering such advice and otherwise

14    communicating with the client, however, counsel shall not make disclosure of any Designated

15    Material or information contained in Designated Material, except as permitted by this Stipulated

16    Protective Order.

17          12.    <u>No Prejudice</u>.

18          12.1    This Stipulated Protective Order shall not diminish any existing obligation

19    or right with respect to Designated Material, nor shall it prevent a disclosure to which the

20    Designating Party consents in writing before the disclosure takes place.

21          12.2    Unless both parties stipulate otherwise, evidence of the existence or

22    nonexistence of a designation under this Stipulated Protective Order shall not be admissible for

23    any purpose during any proceeding on the merits of this action.

24          12.3    If any person inadvertently produces any Designated Material without

25    marking it with the appropriate legend, the producing party may give written notice to the

26    receiving party or parties, including appropriately stamped copies of the Designated Material, that

27    the document, thing, or response is deemed Designated Material and should be treated as such in

28

1    accordance with the provisions of this Stipulated Protective Order. Thereafter, such material shall

2    be treated in accordance with the provisions of this Stipulated Protective Order.

3          12.4    Neither the provisions of this Stipulated Protective Order, nor the filing of

4    any material under seal, shall prevent the use in open court, at any hearing, or at trial of this case

5    of any material that is subject to this Amended Stipulated Protective Order or filed under seal

6    pursuant to its provisions. Prior to trial, the shall meet and confer after the pretrial conference

7    concerning appropriate methods for dealing with Designated Material at trial.

8          13.    Modification and Survival.

9          13.1    Modification. Both parties reserve the right to seek modification of this

10    Stipulated Protective Order at any time for good cause. The parties agree to meet and confer

11    prior to seeking to modify this Stipulated Protective Order for any reason. To the extent that such

12    modification would or might affect Designated Materials designated by any third party, the

13    parties will meet and confer with such third party prior to seeking to modify this Stipulated

14    Protective Order for any reason. The restrictions imposed by this Stipulated Protective Order

15    may only be modified or terminated by written stipulation of the parties in this action, and to the

16    extent such modification or termination would or might apply to any Designated Materials

17    designated by any third party, written stipulation of such third party, or by order of this Court.

18          13.2    Survival and Return of Designated Material. This Stipulated Protective

19    Order shall survive termination of this action. Upon final termination of the action, including

20    appeals and retrials, and at the written request of the Designating Party, all Designated Material,

21    including deposition testimony regarding designated exhibits and all copies thereof, shall be

22    returned to counsel for the Designating Party or, if such party is not represented by counsel,

23    directly to the Designating Party. Such Designated Materials shall either be returned at the

24    expense of the Designating Party or, at the option and expense of the Designating Party,

25    destroyed. Upon request for the return or destruction of Designated Materials, counsel of record

26    shall certify their compliance with this provision and shall deliver such certification to counsel for

27    the Designating Party not more than 90 days after the written request to return or destroy

28    Designated Materials.

1            13.3    Notwithstanding the provisions for return or destruction of Designated

2    Material, outside counsel may retain archival copies, in paper and/or electronic media, of

3    pleadings, briefs and other documents filed in court.  Outside counsel shall have the option to

4    destroy all materials containing attorney-client privileged material or material covered by the

5    attorney work product doctrine.

6         14.    <u>No Contract</u>.

7            This Stipulated Protective Order is for the Court's consideration and approval as

8    an order.  It shall not be construed to create a contract between the parties or between the parties

9    and their respective counsel.

10        15.    <u>Court's Retention of Jurisdiction</u>.

11           The Court retains jurisdiction to make such amendments, modifications, and

12   additions to this Stipulated Protective Order as it may from time to time deem appropriate.

13

14   DATED:   January 25, 2008    NED N.  ISOKAWA
                                   KEVIN C.  MCCANN
15                                 MICHAEL N. EDELMAN
                                   ROBERT C. MATZ
16                                 PAUL, HASTINGS, JANOFSKY & WALKER LLP

17

18                                 By:_____/s/_____
19                                          NED N. ISOKAWA

20                                 Attorneys for Defendant and Counterclaimant DELL INC.

21   DATED:   January 25, 2008    SQUIRE, SANDERS & DEMPSEY L.L.P.
22

23
                                   By:_____/s/_____
24                                          DAVID S. ELKINS

25
                                   Attorneys Plaintiff and Counterclaim-Defendant
26                                 NEGOTIATED DATA SOLUTIONS LLC

27

28

1

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

2

3          I, Ned N. Isokawa, attest that concurrence in the filing of this document has been

4   obtained from counsel for Plaintiff and Counterclaim-Defendant Negotiated Data Solutions

5   LLC.

6          I declare under the penalty of perjury that the foregoing is true and correct.

7   Executed on January 25, 2008.

8

9                                                              /s/
                                                    _____
10                                                        NED N. ISOKAWA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>ORDER</u>**

2

3          PURSUANT TO STIPULATION, IT IS SO ORDERED.

4

5   Dated: <u>January 28</u>, 2008

6

7                                          _____
                                            The Honorable Jeffrey S. White
8                                           United States District Court Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit A**

**Certification Concerning Material Covered By Amended Stipulated Protective Order**

      I, the undersigned, hereby certify that I have read the attached Amended Stipulated Protective Order entered in the United States District Court for the Northern District of California, entitled <u>Negotiated Data Solutions LLC, v. Dell, Inc</u>., Case No.  C 03 05755 JSW. I understand the terms of this Amended Stipulated Protective Order.  I agree to be bound by such terms and to submit to the personal jurisdiction of the United States District Court for the Northern District of California with respect to any proceeding related to the enforcement of this Amended Stipulated Protective Order, including any proceedings related to contempt of Court.  I will use Designated Material marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only in the trial and preparation for trial of this action and will not disclose any such Designated Material to anyone other than persons specially authorized by the Order and agree to return all such Designated Material which come into my possession to counsel from whom I received such Designated Material.

      I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual: _____

Company or Firm: _____

Address: _____

Telephone No.:_____

Relationship to this action and its parties: _____

_____

_____

Dated: _____          _____
                              Signature

1

**Exhibit B**

2

**Consultant Certification**

3         I, the undersigned, hereby certify I have read the attached Amended Stipulated

4    Protective Order entered in the United States District Court for the Northern District of

5    California, entitled <u>Negotiated Data Solutions LLC v. Dell, Inc.</u>, Case No.  C 03 05755 JSW.  I

6    certify that I am not engaged in business as a competitor of any person or entity currently a party

7    to this action.  If at any time after I execute this Consultant Certification and during the pendency

8    of the action I become engaged in business as a competitor of any person or entity currently a

9    party to this action, I will promptly inform the attorneys for the party who retained me in this

10   action, and I will not thereafter review any Designated Material marked "HIGHLY

11   CONFIDENTIAL" unless and until the Court in the action orders otherwise.

12        I declare under penalty of perjury that the foregoing is true and correct.

13

14   Name of Individual: _____

15   Company or Firm: _____

16   Address: _____

17   Telephone No.:_____

18

19   Dated: _____        _____

20                                                            Signature

21

22

23

24

25

26

27

28