IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEGOTIATED DATA SOLUTIONS, LLC<br><br>    Plaintiff,<br><br>  v.<br><br>DELL INC.,<br><br>    Defendant.<br>_____/ | No. CV-03-05755 JSW<br><br>**ORDER GRANTING MOTION TO STAY AND DENYING N-DATA'S MOTION TO DISMISS ANSWER AND COUNTERCLAIM WITHOUT PREJUDICE TO REFILING** |

Now before the Court is the motion of Plaintiff Negotiated Data Solutions, LLC ("N-Data") to stay this action. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS N-Data's motion. The motion is now fully briefed and ripe for decision. Pursuant to Civil Local Rule 7-1(b), the Court finds that the motion to stay which has been noticed for hearing on Friday, October 31, 2009 at 9:00 a.m., is appropriate for decision without oral argument. Accordingly, the hearing date is HEREBY VACATED.

**BACKGROUND**

Dell has agreed to accept an offer for a "Standard License" from N-Data, which will be required by a Consent Agreement entered into by the Federal Trade Commission ("FTC") and N-Data, once it is made final by the FTC. N-Data represents that once Dell accepts the

Standard License, the scope of its infringement contentions, and the scope of issues raised by the pleadings and several pending motions will be substantially narrowed.

## ANALYSIS

**A.  Legal Standard on a Motion to Stay.**

The "power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of a sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Accordingly, it is within this Court's discretion to determine whether a stay is warranted.

The competing interests that a district court must weigh in deciding whether to grant a stay include: (1) "possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (citing *Landis*, 299 U.S. at 254-55). A stay may be the most efficient and fairest course when there are "independent proceedings which bear upon the case." *Levya v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). N-Data bears the burden of proving that such a discretionary stay is warranted. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

**B.  N-Data Has Shown That Dell Will Not Suffer Harm If This Case Is Stayed.**

The first interest that must be weighed in the *Landis* test is the possible damage endured by the non-moving party in granting the stay. When the extent of damage to be endured by the non-moving party is magnified by the possibility that adverse "evidence will be obtained, or rulings made, as a result of" the other proceedings, the damage is not considered sufficient to deny a request for postponement. *CMAX*, 300 F.2d at 269. The Court finds that the stay, which should not be protracted given the timing of the FTC proceedings, will not harm Dell. Dell contends that witness' memories may fade; however, the patents-in-suit related to inventions

allegedly conceived in the early 1990s. The Court does not find that staying this matter for a number of months will significantly reduce the danger of waning witness recollection. Dell also contends that the discovery will be the same regardless of the outcome of the FTC proceedings. However, N-Data has made a convincing argument that the scope of such discovery and the scope of the particular depositions still at issue and the scope of the required discovery from third parties will be significantly reduced once the FTC has issued its final Consent Agreement and Dell has signed onto it. Therefore, because the scope of the issues brought before this Court could potentially be much narrower after the conclusion of the FTC proceeding, the Court finds that the possible damage to Dell doess not militate against the granting of Plaintiff's request for a stay.

**C.  N-Data Has Shown Sufficient Hardship to Justify a Stay.**

The second factor in the *Landis* test for a discretionary stay is the hardship and prejudice N-Data will endure if this litigation is not delayed. N-Data contends that the narrowing of the issues presented to the Court would also "reduce substantially the issues presented by the four motions currently pending." (Motion at 2.) N-Data argues that the substantial reduction in the cost of litigation would result from a stay, and that both parties would therefore benefit, and stand to lose costs if the litigation were to continue regardless. Due to the representations that N-Data has made, and which will bind them once the stay is lifted, the Court finds that duplicative litigation costs and the pursuit of broad discovery when a far narrower scope of discovery would be required, are sufficient to make a showing of hardship justifying a stay.

**D.  N-Data Has Shown a Stay Furthers the Orderly Course of Justice.**

The third *Lantis* factor weighs in favor of granting a stay when the orderly course of justice will be advanced through the simplifying of issues, proof, and questions of law. N-Data argues that staying the remainder of the proceedings until the FTC proceeding is resolved will promote efficiency. "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule ... does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Levya*, 593 F.2d

3

at 863-64. Staying the proceeding in this Court will be the most prudential course of action because it is likely that the issues resolved in the FTC proceedings and Dell's subsequent acceptance of the Standard License will limit the remaining issues still remaining before the Court.

In conclusion, because the FTC proceedings will limit the scope of the necessary discovery and the scope of the issues presented, the Court finds the circumstances militate in favor of staying the matter. The Court expects N-Data to remain true to its professed limitation regarding the scope of the ongoing proceedings once the stay is lifted and will hold N-Data to those limitations.

**E.    Pending Motion to Dismiss Denied Without Prejudice to Refiling.**

Because the Court grants N-Data's request for a stay based on the representations that the scope of discovery as well as the scope of the motions pending before the Court will be substantially limited, the Court HEREBY DENIES N-Data's motion to dismiss and to strike Dell's Answer and Counterclaim WITHOUT PREJUDICE to re-filing such motion upon substantially narrowed grounds once the stay has been lifted.

**CONCLUSION**

Accordingly, for the reasons set forth herein, N-Data's motion to stay this matter is GRANTED and N-Data's motion to dismiss is DENIED. The parties shall file a joint submission within ten days of the conclusion of the FTC proceedings informing the Court of the status of this matter.

**IT IS SO ORDERED.**

Dated:   September 16, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4